# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| Jason Laliberty | RE:<br>109 Pulsifer Road, Poland, ME 04274 |
| **Defendant** | Mortgage:<br>February 23, 2006<br>Book 6684, Page 157 |
| Shari L. Laliberty | |
| **Party-in-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Jason Laliberty, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendant, Jason

Laliberty, is the obligor and the total amount owed under the terms of the Note is Three Hundred One Thousand Two Hundred Thirty-Nine and 19/100 ($301,239.19) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Jason Laliberty, is a resident of Windham, County of Cumberland and State of Maine.

6. The Party-in-Interest, Shari L. Laliberty, is a resident of Mechanic Falls, County of Androscoggin and State of Maine.

## FACTS

7. On October 29, 2004, by virtue of a Warranty Deed from Paul E. Grant., Jr. and Jill Chrisitne Grant, which is recorded in the Androscoggin County Registry of Deeds in **Book 6130, Page 334**, the property situated at 109 Pulsifer Road, County of Androscoggin, and State of Maine, was conveyed to the Defendants, Jason Laliberty, and Shari L. Laliberty, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On February 23, 2006, the Defendant, Jason Laliberty, executed and delivered to Ameriquest Mortgage Company a certain Note in the amount of $222,000.00. Defendant Jason

Laliberty's personal liability is limited and/or extinguished by the Chapter 13 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on February 23, 2006, the Defendants executed a Mortgage Deed in favor of Ameriquest Mortgage Company, securing the property located at 109 Pulsifer Road, Poland, ME 04274 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 6684**, **Page 157**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. On May 12, 2011, by virtue of an Abstract of Divorce Decree Jason Laliberty retained the property known as 109 Pulsifer Road, Poland, ME 04274 which is recorded in **Book 8162, Page 20.**

11. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Affidavit of Missing or Incomplete Assignment dated February 14, 2014 and recorded in the Androscoggin County Registry of Deeds in **Book 9657**, **Page 275**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Affidavit of Missing or Incomplete Assignment dated February 14, 2014 and recorded in the Androscoggin County Registry of Deeds in **Book 9844**, **Page 291**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC by virtue of an Assignment of Mortgage dated August 2, 2017 and recorded in the Androscoggin County Registry of Deeds in **Book 9661**, **Page 189**. *See* Exhibit F (a

true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated January 31, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 9811**, **Page 335**.  *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated May 24, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 9848**, **Page 326**.  *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On February 19, 2019, the Defendant, Jason Laliberty, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  Defendant Jason Laliberty's personal liability is limited and/or extinguished by the Chapter 13 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Jason Laliberty, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit I.

18. The Defendant, Jason Laliberty, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable),

payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

22. Shari L. Laliberty is a Party-in-Interest pursuant to a Divorce Decree, dated May 12, 2011, and recorded in the Androscoggin Registry of Deeds in Book **8162, Page 20** and is in second position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of November 8, 2019 is Three Hundred One Thousand Two Hundred Thirty-Nine and 19/100 ($301,239.19) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $195,220.54 |
| Interest | $70,762.16 |
| Escrow/Impound Required | $24,371.56 |
| Total Advances | $10,884.93 |
| Grand Total | $301,239.19 |

24. Upon information and belief, the Defendant, Jason Laliberty, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure respecting a real estate related Mortgage and title located at 109 Pulsifer Road, Poland, County of Androscoggin, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure upon the subject property.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Jason Laliberty, is presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of November 8, 2019 is Three Hundred One Thousand Two Hundred Thirty-Nine and 19/100 ($301,239.19) Dollars, which includes:

    | Description | Amount |
    | --- | --- |
    | Principal Balance | $195,220.54 |
    | Interest | $70,762.16 |
    | Escrow/Impound Required | $24,371.56 |
    | Total Advances | $10,884.93 |
    | Grand Total | $301,239.19 |

31. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendant, Jason Laliberty's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any Personal liability on the part of the Defendant, Jason Laliberty, but only seeks in rem judgment against the property.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Jason Laliberty, on February 19, 2019, evidenced by the Certificate of Mailing. *See* Exhibit I.

34. The Defendants, Jason Laliberty, is not in the Military as evidenced by the attached Exhibit J.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Jason Laliberty, is in breach of the Note by failing to make payment due as of April 1, 2014, and all subsequent payments;

d) Find that the Defendant, Jason Laliberty, is in breach of the Mortgage by failing to make payment due as of April 1, 2014, and all subsequent payments;

e) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

f) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

g) For such other and further relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,
                                            U.S. Bank Trust, N.A., as Trustee for LSF10
                                            Master Participation Trust,
                                            By its attorneys,

Dated: November 21, 2019

                                            <u>/s/ John A. Doonan, Esq.</u>
                                            <u>/s/ Reneau J. Longoria, Esq.</u>
                                            John A. Doonan, Esq., Bar No. 3250
                                            Reneau J. Longoria, Esq., Bar No. 5746
                                            Attorneys for Plaintiff
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center, Suite 225D
                                            Beverly, MA 01915
                                            (978) 921-2670
                                            JAD@dgandl.com
                                            RJL@dgandl.com